1  JAMES PHILLIP VAUGHNS, CSBN 124040
   Law Offices of James P. Vaughns
2  6114 LaSalle Avenue, Suite 289
3  Oakland, CA 94611
   (510) 583-9622
4

5  Counsel for Defendant Ashiegbu

6

7                IN THE UNITED STATES DISTRICT COURT

8

9             FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
   UNITED STATES OF AMERICA,           ) No. CR 07-0677 CRB
11                                      )
                Plaintiff,              )
12                                      ) DEFENDANT'S MOTION IN
                                        ) SUPPORT OF RULE 15
13     v.                               ) DEPOSITION
                                        )
14 ANDREW IHENTUGE ASHIEGBU,            )
                                        ) Date: June 11, 2008
15              Defendant.              ) Time: 2:15 p.m.
                                        ) Hon. Charles R. Breyer
16 _____ )

17

18

19     TO: THE UNITED STATES OF AMERICA, PLAINTIFF; AND JOSEPH P.
       RUSSONIELLO, UNITED STATES ATTORNEY, NORTHERN DISTRICT OF
20     CALIFORNIA; AND ALLISON DANNER, ASSISTANT UNITED STATES
       ATTORNEY:
21

22

23     PLEASE TAKE NOTE that on June 11, 2008 at 2:15 p.m., Mr. Andrew Ihentuge

24 Ashiegbu will move this Court to authorize the pretrial deposition of Alice Anyanwu

25 pursuant to Federal Rule of Criminal Procedure 15. This motion is based on the

26 Constitution of the United States, all relevant case law and statutory authority, and such

27

28

argument as the Court will entertain at the motion hearing.

## INTRODUCTION

As was detailed in counsel's letter to the Court of April 18, 2008, the testimony of Alice Anyanwu will be of critical importance to defendant Ashiegbu's defense. The central issue in this matter is whether or not co-defendant Doris Anyanwu, her mother Alice Anyanwu, and defendant Ashiegbu lived together in the United States for a certain period of time. Given that Alice is the only uncharged individual who can attest to the complete truth of the central issue of co-habitation, the relevance and materiality of her testimony should be apparent.

## DISCUSSION

### *Rule 15*

Rule 15 provides for pretrial depositions "[w]henever due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial." F.R.C.P. 15(a). This Court has broad discretion to permit depositions pursuant to Rule 15. United States v. Omene, 143 F.3d 1167, 1170 (9th Cir. 1998). The court may allow pretrial depositions even if there has not been a conclusive showing that the witness will be unavailable or that the testimony will be material. As the Ninth Circuit has explained: Rule 15(a) does not require any conclusive showing of "unavailability" or "material testimony" before a deposition can be taken in a criminal case. Rule 15(a) only requires that the trial court find that due to exceptional circumstances it is in the interest of justice that the testimony of a prospective witness be taken and preserved for possible use at trial. Id. "Whether to grant or deny a motion to depose a proposed witness in a criminal trial is discretionary." Furlow v. United States, 644 F.2d 764, 767 (9th Cir. 1981). "The district court retains broad discretion in granting a Rule 15(a) motion, and considers the particular circumstances of each case to determine whether the 'exceptional circumstances' requirement has been

satisfied." United States v. Farfan-Carreon, 935 F.2d 678, 679 (5th Cir. 1991).

*Unavailability*

Here, Alice Anyanwu is a native and citizen of Nigeria. With respect to unavailability, counsel is aware that the mere fact that a witness resides in a foreign country does not demonstrate her "unavailability" for Rule 15 purposes. United States v. Hernandez-Escarsega, 886 F.2d 1560 (9 th Cir. 1989). However, Alice Anyanwu does not presently have the legal authorization to enter the United States and testify at trial in this matter. She could apply for a non-immigrant visa for a temporary stay in the United States when a trial date is set. However, it is impossible to estimate the time required by the U.S. immigration authorities in Nigeria[1] to process such an application assuming one would even be approved. It is virtually guaranteed that the United States immigration officials will expect her, like any such applicant, to identify the time period she wishes to visit the United States. Until a trial date is set, she cannot do so. A potential witness is unavailable for purposes of Rule 15(a), however, whenever a substantial likelihood exists that the proposed deponent will not testify at trial. United States v.Drogoul, 1 F.3d 1546, 1553 (11th Cir. 1993). Therefore, unless the United States sees fit to engineer the issuance to her of a limited visa for the sole purpose of testifying at trial, defendant Ashiegbu will likely be deprived of Alice Anyanwu's testimony absent the taking of a Rule 15 deposition. Thus, there is an issue of unavailability present even though the Court need not so find in order to find exceptional circumstances requiring a Rule 15 deposition.

*Materiality*

This case - as it relates to Andrew Ashiegbu - has the potential to be quite simple and straight-forward. Either three people lived together or they did not. If they did, as Alice Anyanwu will testify, then defendant Ashiegbu is not guilty of making a False Statement on an Immigration Document as alleged in Count Two because his Declaration which forms the basis of that charge is truthful. In like fashion, it would then follow that

---

[1] There is a United States Embassy in Abuja and a United States Consulate in Lagos. Both are formally referred to as divisions of the United States Diplomatic Mission to Nigeria

3

he is also not guilty of Conspiracy to Make False Statements as alleged in Count Four if the basis for that charge is that he assisted co-defendant Doris Anyanwu with a false Declaration.

The government indicates that it will produce defendant Ashiegbu's ex-wife to testify that the three people did not live together. Unless one of the defendants elects to testify, the ex-wife's arguably biased testimony will go unchallenged. As a result, the testimony of Alice Anyanwu will be of unquestioned materiality since it will exculpate Andrew Ashiegbu. In a case with a central theme as simple as exists here, each item of evidence and each nuance in testimony will be scrutinized by the jury more so than in a case where themes and issues abound.

### *Exceptional Circumstances*

In combination, the unavailability of Alice Anyanwu and the materiality of her testimony create an exceptional circumstance such that the interests of justice will be best served by allowing the deposition of Ms. Anyanwu. Without her testimony, defendant Ashiegbu loses an important part of his case-in-chief and finds his defense hamstrung by the resulting pressure to testify on his own behalf.

### *Letter Rogatory is Unnecessary*

F.R.C.P. 15 (d) authorizes the taking of foreign depositions by means of a letter rogatory. Since Nigeria is not one of the countries having an active Mutual Legal Assistance Treaty with the United States[2], and since defendants do not have the authority to utilize MLAT to obtain witness testimony or documents, defendant Ashiegbu would have to make such request by means of a letter rogatory in the event compelling the witness was necessary. Here, Alice Anyanwu is willing to appear at either location, Lagos or Abuja, and be deposed without compulsion. The U.S. Department of State has published a schedule of fees for Judicial Assistance Services performed by the United States Diplomatic Mission to Nigeria and among them are fees for the scheduling and

---

[2] A treaty was signed on September 9, 1989, but is still awaiting Nigeria's approval.

arranging appointments for depositions. See <u>Exhibit 1</u>, attached hereto. Therefore, it is proposed that the deposition take place at either location depending upon availability of Department of State staff.

## CONCLUSION

For the reasons set forth above, defendant Andrew Ashiegbu respectfully requests that his Motion be granted.

Dated: May 14, 2008                    Respectfully submitted,


<u>JAMES PHILLIP VAUGHNS</u>
Attorney for Andrew Ashiegbu

# EXHIBIT 1




About Us | U.S. Citizen Services | Visas to the U.S. | U.S. Policy & Issues | Resources | Hausa

**VISAS TO THE U.S.**

You Are In: Home > Visas to the U.S. > Visas Section > Schedule of Fees

- Visas Section
  - Welcome
  - Hours of Operation
  - Forms
  - :: Schedule of Fees
- Non-Immigrant Visas
- Immigrant Visas
- Visa Appointment Instructions

Page Tools:
Print this article

## SCHEDULE OF FEES

**Judicial Assistance Services**

| Item No | | Fee |
|---|---|---|
| 51. | Processing letters rogatory and Foreign Sovereign Immunities Act (FSIA) judicial assistance cases, including providing seal and certificate for return of letters rogatory executed by foreign officials: | $735 |
| | [51-LETTERS ROGATORY] | $735 |
| | [52-FSIA] | |
| 52. | Taking depositions or executing commissions to take testimony: | |
| | (a) Scheduling/arranging appointments for depositions, including depositions by video teleconference (per daily appointment) .................. [53-ARRANGE DEPO] | $475 |
| | (b) Attending or taking depositions, or executing commissions to take testimony (per hour or part thereof) ............... [54-DEPOSE/HOURLY] | $265 per hour plus expenses |
| | (c) Swearing in witnesses for telephone depositions ............ [55-TELEPHONE OATH] | $265 |
| | (d) Supervising telephone depositions (per hour or part thereof over the first hour)............... [56-SUPERVISE TEL DEPO] | $265 per hour plus expenses |
| | (e) Providing seal and certification of depositions. ............ [57-DEPOSITION CERT] | $70 |
| 53. | Exemptions: Deposition or executing commissions to take testimony. Fees (item 42) will not be charged when the service is performed: | |
| | (a) At the direct request of any Federal Government agency, any State or local government, the District of Columbia, or any of the territories or possessions of the United States (unless significant time required and/or expenses would be incurred) ......... [58-JUDICIAL EXEMPT] | NO FEE |
| | (b) Executing commissions to take testimony in connection with foreign documents for use in criminal cases when the commission is accompanied by an order of Federal court on behalf of an indigent party ......... [59-INDIGENT TEST] | NO FEE |

(Items no. 54 through 60 vacant.)

back to top ^

This site is managed by the U.S. Department of State.
External links to other Internet sites should not be construed as an endorsement of the views or privacy policies contained therein.

HOME | ABOUT US | CITIZEN SERVICES | VISAS | POLICY & ISSUES | RESOURCES
CONTACT US | FAQ'S | SITE INDEX | PRIVACY | WEBMASTER

UNITED STATES MISSION