# EXHIBIT 2

**Declaration of Lesley Brown**

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

ALLISON MARSTON DANNER (CSBN 195046)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7144
    FAX: (415) 436-7234
    Email: allison.danner@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07-0654 CRB |
|     Plaintiff, ) | |
| v. ) | DECLARATION OF SENIOR SPECIAL AGENT LESLEY BROWN IN SUPPORT OF UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS |
| LINDA ASHIEGBU, ) | |
|     Defendant. ) | |

    I, Lesley Brown, declare:

    1.    I have personal knowledge of the facts set forth below, except as to those matters stated on information and belief which I am informed and believe to be true. If called as a witness, I could and would testify competently to the facts stated in this declaration.

    2.    I am a Senior Special Agent employed by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I have been a Special Agent for six years. Prior to this I was with the Inspections Division of the (legacy) Immigration and Naturalization Service for ten years. My current assignment is to the human trafficking/human smuggling division. I have had this assignment for over one year. I am the case agent in this investigation.

DECLARATION OF LESLEY BROWN
[CR 07-0654 CRB]

3.   On June 6, 2007, I participated in a search of 2752 Plover Court, Hayward, California, the residence of Linda and Andrew ASHIEGBU. This search was conducted pursuant to a search warrant issued on June 5, 2007 by Magistrate Judge Bernard Zimmerman.

4.   The search of 2752 Plover Court was conducted by five special agents from ICE, two other ICE employees, one Special Agent from the Department of State, and two officers from the Hayward Police Department. I was not present when these individuals made entry into the home.

5.   I arrived at the house at approximately 10:15 a.m. on June 6, 2007. When I arrived at the house, Andrew ASHIEGBU, Linda ASHIEGBU, and two of their children were sitting on a couch in the sitting room. When I arrived, neither Andrew nor Linda ASHIEGBU was in handcuffs. Linda ASHIEGBU was wearing a strapless dress that appeared to be made of a velour-type material. This dress was not transparent. At no time in my presence did Linda ASHIEGBU ask to change her clothes. Nothing about the manner in which she was dressed seemed inappropriate, particularly considering the presence of male agents.

6.   When I arrived at the house, none of the agents or officers had any guns drawn. I did not observe any guns drawn by any agent or officer during the entire time when I was present at 2752 Plover Court. My gun was kept inside its holster the entire time I was at the house.

7.   When I arrived, I began participating in the search of the residence. Shortly after my arrival, Special Agent Jeffrey Rea, who was the "team leader" in charge of executing the search of the house, told me that Linda ASHIEGBU was asking questions about the purpose of the search. He asked me to speak with her.

8.   I spoke with Linda ASHIEGBU in the kitchen. I did not at any point tell Linda ASHIEGBU that she was under arrest. I did not consider Linda ASHIEGBU to be under arrest. Linda ASHIEGBU was feeding her one-year old child baby food with a spoon during much of our conversation. Linda ASHIEGBU was not handcuffed at any point when we spoke in the kitchen. Linda ASHIEGBU's older daughter came freely in and out of the kitchen during our conversation. The two passages connecting the kitchen to the rest of the house were both open. The atmosphere of the conversation was relaxed and casual.

DECLARATION OF LESLEY BROWN
[CR 07-0654 CRB]

2

9.   I did not ever tell Linda ASHIEGBU that she was not free to leave.

10.  ICE Special Agent Valerie Paul was also present during my conversation with Linda ASHIEGBU in the kitchen. Agent Paul did not ask Linda ASHIEGBU any questions.

11.  As soon as Linda ASHIEGBU entered the kitchen and sat down with me at the table, I explained to her that we were at her house to execute a search warrant issued in an investigation into potential immigration violations.

12.  Before asking Linda ASHIEGBU any questions, I advised her of various rights. Specifically, I told her that she had the right to remain silent. I told her that she had the right to an attorney. I told her that she had the right to have that attorney present during questioning. I told her that, if she could not afford an attorney, one would be provided to her. I told her that anything she said could be used against her in a criminal or administrative proceeding. I told her that she had the right to stop answering my questions at any time. I then asked Linda ASHIEGBU if she understood her rights. She replied that she did. I then asked Linda ASHIEGBU if she wanted to talk to me without a lawyer being present. She replied that she did.

13.  Linda ASHIEGBU did not seem to have any trouble understanding my description of her rights or my questions. Her English appeared fluent and was idiomatic. Linda ASHIEGBU was coherent and alert during our conversation.

14.  I proceeded to ask Linda ASHIEGBU questions, and she answered those questions. I did not ever tell her that she had to answer my questions. During the conversation, I showed Linda ASHIEGBU various documents from Emmanuel ANYANWU's immigration file, and she told me which documents she had filled out and signed. I asked her if she had filled out similar documents for anyone else. When she told me she had filled out documents for her sister, I asked her for her sister's name. Linda ASHIEGBU then said that she did not want to discuss her sister or provide me her name. I did not press her to give me this information. I did not instruct Linda ASHIEGBU to call her sister.

15.  At no time in my presence did Linda ASHIEGBU ask to speak with a lawyer. At no time did any other agent or officer present tell me that Linda ASHIEGBU had asked to speak to a

DECLARATION OF LESLEY BROWN
[CR 07-0654 CRB]

3

16. When I spoke with Linda ASHIEGBU, I was not informed by anyone, including Linda ASHIEGBU, that Phil Vaughns had represented her in a prior matter. Until Linda ASHIEGBU filed this motion, I was not aware that Phil Vaughns had ever represented Linda ASHIEGBU in a matter before June 6, 2007. I was aware that Phil Vaughns had represented Linda ASHIEGBU's brother, Emmanuel ANYANWU, in immigration proceedings. None of the documents submitted in connection with that proceeding mentioned that Phil Vaughns represented Linda or Andrew ASHIEGBU. I would not have interviewed Linda ASHIEGBU if she had asked to speak to a lawyer or if I had known she was represented by counsel.

17. I did not ever tell Linda ASHIEGBU that I would take her children away if she did not answer questions.

18. I interviewed Linda ASHIEGBU for approximately forty-five minutes. After the interview, I participated in the search of the house.

19. I left the ASHIEGBU residence at approximately 1:20 p.m. on June 6, 2007. No one at the ASHIEGBU residence was arrested on June 6, 2007.

I declare under penalty of perjury, that the foregoing is true and correct to the best of my recollection and belief. Executed this 27 day of May, 2008 at San Francisco, California.

_Lesley Brown_
LESLEY BROWN

DECLARATION OF LESLEY BROWN
[CR 07-0654 CRB]

4

# EXHIBIT A

**To Declaration of Lesley Brown**

## LAW OFFICES OF JAMES PHILLIP VAUGHNS

6114 LaSalle Ave. Suite 289
Oakland, CA 94611
510-531-5294
Cell: 510-772-7767
Fax: 510-531-5294

Gatehouse Plaza
1260 B Street, Suite 240
Hayward, CA 94541
510-583-9622
Fax: 510-886-7218

Department of Homeland Security
U.S.C.I.S.
630 Sansome Street
San Francisco, CA 94111

June 5, 2007

Re: Emmanuel Anyanwu

Dear Madam/Sir,

    I have been retained by Emmanuel Anyanwu and Kevina Mays to represent them in their immigration matters before your agency.

    The petitioner, Ms. Mays, is unable to attend the scheduled interview on June 6, 2007, at 9:00 a.m. due to continuing health concerns. It is expected that she will be fit to travel within two weeks. Please accept this request for a final rescheduling and know that the petitioner and applicant understand the burden this places on your agency and would not frivolously waste your time and resources.

Sincerely,

JAMES P. VAUGHNS
Attorney at Law

ASH0000633